**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

AMEGY BANK NATIONAL
ASSOCIATION,

        Plaintiff,

vs.                                                Case No. 2:12-cv-243-UA-SPC

DEUTSCHE BANK CORPORATION, DB
PRIVATE WEALTH MORTGAGE LTD.,
and DEUTSCHE BANK ALEX.BROWN,

        Defendants.

## ORDER

This cause is before the Court on Defendants' Motion to Dismiss and Incorporated Memorandum of Law, filed on July 16, 2012 (Doc. No. 19), Plaintiff's Response, filed on July 30, 2012 (Doc. No. 23), and Defendants' Reply in Support of their Motion to Dismiss, filed on August 23, 2012. (Doc. No. 28.) After a careful review of the parties' submissions and the applicable law, the Court finds the Motion due to be **GRANTED.**

## BACKGROUND

On May 2, 2012, Plaintiff filed a Complaint alleging unlawful conversion of a security interest held in the partnership stock of a hotel. (Doc. No. 1, pp. 9-10.) On June 11, 2012, Defendants moved the United States Magistrate Judge for an extension of time to respond to the Plaintiff's Complaint, noting that they had informed Plaintiff that neither Deutsche Corporation nor Deutsche Bank Alex Brown were registered to do business in Florida. (Doc. No. 5, p. 2.) Plaintiff's Counsel agreed to investigate the matter and moved the Court for an additional twenty-one days to amend its Complaint.

Id. The Magistrate granted Defendants' request for an extension of time, but denied Plaintiff's request for the same as premature. (Doc. No. 6, p. 2.) The Magistrate noted, however, that Plaintiff could move the Court to file an amended complaint if and when it was deemed necessary. Id.

On July 2, 2012, Plaintiff filed the First Amended Original Complaint, without requesting leave from the Court. (Doc. No. 13.) On July 16, 2012, Defendants moved to dismiss. (Doc. No. 19.)

**APPLICABLE STANDARDS**

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court must "inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004). Federal courts are of limited jurisdiction and must therefore, examine their subject matter jurisdiction, even without a challenge from a party. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). The burden of establishing federal subject matter jurisdiction rests with the party bringing the claim. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005).

**DISCUSSION**

Plaintiff asserts that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 13, p. 2.)

In order to assert jurisdiction based on diversity of the parties, plaintiffs must affirmatively plead the citizenship of the individual defendants. FED. R. CIV. P. 12(h)(3). Federal jurisdiction based on diversity of citizenship requires complete diversity and that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261

(11th Cir. 2000). Complete diversity requires that the citizenship of each plaintiff must be diverse from the citizenship of every defendant. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 82 (2005). "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).

The allegations of the Complaint are inadequate to permit the Court to determine whether complete diversity of citizenship exists. Plaintiff has failed to properly plead the citizenship of the parties in the case. Corporate entities have dual citizenship for purposes of diversity and plaintiffs must affirmatively plead both the state of incorporation and the corporation's principal place of business. 28 U.S.C. § 1332(c); Wash. Mut. Bank v. Schoenlaub, No. 3:07-cv-460-J-32MCR, 2007 WL 2572105, at *2 (M.D. Fla. Sept. 4, 2007); Builder's Res., Inc. v. Coreslab Structures (Conn), Inc., 538 F. Supp. 2d 324, 327 (D. Mass. 2008) ("[E]very circuit to have considered the question is in accord: a plaintiff must specifically plead both the state of incorporation and the principal place of business of every corporate party."). Plaintiff has not identified Defendants' principal place of businesses or their states of incorporation. (Doc. No. 13, pp. 1-2.)

In addition, the Amended Complaint states (id., p. 1) that Plaintiff is a national banking association licensed and doing business in Texas with a branch office in Houston, Texas. Plaintiff does not identify the location of its main office, designated in its articles of association. Wachovia Bank v. Schmidt, 546 U.S. 303, 318 (2006) (concluding that for the purposes of diversity jurisdiction, a national banking association

is a citizen of its "location," meaning "the State designated in its articles of association as its main office," not in every state where it has branch offices.).

Without this information, the Court is unable to determine whether complete diversity of the parties exists and therefore, is unable to address the merits of Defendants' Motion to Dismiss. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d at 410 ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1)  Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Doc. No. 19) is **GRANTED**.

2)  Plaintiff's First Amended Original Complaint (Doc. No. 13) is **DISMISSED WITHOUT PREJUDICE**.

3)  As this is Plaintiff's second attempt at pleading proper jurisdiction, Plaintiff will have one final opportunity to amend its Complaint within fourteen (14) days from the date of this Order. Failure to do so may result in a dismissal with prejudice of this action in its entirety.

**DONE AND ORDERED** in Chambers in Fort Myers, Florida, on September 27, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Parties and Counsel of Record