UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMEGY BANK NATIONAL
ASSOCIATION,

      Plaintiff,

v.                                       Case No:  2:12-cv-243-FtM-38UAM

DB PRIVATE WEALTH
MORTGAGE, LTD. and DEUTSCHE
BANK ALEX.BROWN,

      Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on Plaintiff Amegy Bank National Association's Motion Requesting the Court to Take Judicial Notice of Texas Law (Doc. #53 ) filed on September 18, 2013.  Specifically, Plaintiff moves the Court to take judicial notice of Tex. Penal Code § 32.33(e). Plaintiff asserts that non-party William B. Johnson has violated the stated criminal code. On October 7, 2013, Defendants DB Private Wealth Mortgage Ltd. and Deutsche Bank Alex.Brown filed a response in opposition. (Doc. #61).

The Court recognizes that the Securities Agreement at issue in this case operates under Texas Law. (See Doc. #53-1). However, Plaintiff has failed to satisfy its burden of proving that Tex. Penal Code § 32.33(e) is relevant to this instant matter.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

United States v. Falcon, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997) ("a court may refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules.") (citation omitted). Plaintiff has not cited to a judgment or conviction in regards to the non-party's conduct and has not cited to dispositive case law regarding this issue. Therefore, it is not an "administrative fact" that said non-party has committed a crime of theft. See Federal Rule of Civil Procedure 201. Further, this Court in this matter has no authority to determine if the non-party has committed a crime in the State of Texas. Lastly, Plaintiff brings forth this motion in anticipation of Defendants' affirmative defenses; accordingly Plaintiff's request is premature at best. The Court finds no proper reason to take judicial notice of Texas Penal Code § 32.33(e) at this time.

Additionally, the Court notes Plaintiff failed to indicate in its motion that it met and conferred with opposing counsel prior to filing the motion as required by Local Rule 3.01(g).  Counsel is cautioned that failure to include such a certification in a future motion will result in the motion being denied without further consideration.

Accordingly, it is now **ORDERED:**

Plaintiff Amegy Bank National Association's Motion Requesting the Court to Take Judicial Notice of Texas Law (Doc. #53 ) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of October, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record