UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMEGY BANK NATIONAL
ASSOCIATION,

      Plaintiff,

v.                                                     Case No:   2:12-cv-243-FtM-38CM

DB PRIVATE WEALTH
MORTGAGE, LTD. and DEUTSCHE
BANK ALEX.BROWN,

      Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on Plaintiff Amegy Bank National Association's Motion *In Limine* (Doc. #109) filed on January 27, 2014. On February 7, 2014, Defendants DB Private Wealth Mortgage and Deutsche Bank Alex.Brown (hereinafter "Deutsche Bank") filed a Response in Opposition (Doc. #131) to Numbers 1, 4, 5, 13, and 14 of Amegy's motion. The motion is now ripe for review.

A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007) (citing Schuler v. Mid-Central Cardiology, 313 Ill.App.3d 326, (4th Dist .2000)). The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed.2d 443(1984) (holding federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)). The court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citing Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. Stewart, 2007 WL 1752873 at *1. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of a motion *in limine* does not insure evidence contemplated by the motion will be admitted at trial. Id. Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citing U.S. v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989)). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Id. (citing Hawthorne Partners, 831 F.Supp. at 1400-01).

(1) Amegy's first Motion *In Limine* moves the Court to "exclude any reference to or mention of any information in any document that has not yet been admitted into evidence or any statements contained in any such documents." The motion is overbroad, as such the motion is due to be granted in part and denied in part. To the extent that the motion excludes any party from commenting on evidence that will not be offered at trial the motion is due to be granted; however, the motion is denied to the extent the Parties may refer to evidence, documents, and testimony during their opening statements that they reasonably believe will be admitted. Any objections to any mention of documents that may not be admitted into evidence should be made at trial.

(2) Amegy moves to exclude Deutsche Bank from asking any questions that may result in Amegy's attorneys or witnesses from having to invoke the attorney-client privilege. Again the request is overbroad. All parties, however, are prevented from deliberately and purposefully eliciting testimony that would require the witness or counsel to claim the attorney client privilege. The Parties are cautioned, based upon their knowledge of the facts of the case to not pursue a line of questioning that they know or have reason to know will end in the witness invoking the attorney-client privilege. Any issues or testimony that may result in invoke the attorney-client privilege may be addressed during the trial. The motion is granted.

(3) The third request asks the Court to exclude Deutsche Bank from stating Amegy has failed to call any witness equally available, through prior depositions or otherwise, to any party in this action. Deutsche Bank did not object to this request and therefore it is granted

(4) The fourth item moves to exclude "[a]ny reference to or suggestion that there will probably be testimony of certain facts by witnesses who are not later called to testify at trial." The request is overbroad and not specific to any evidence that may be presented during the trial. The Rules of Professional Responsibility and Conduct prevent any attorney from deliberately stating that evidence will be presented when said attorney has knowledge that no such evidence will be offered. The motion is due to be granted in part and denied in part. To the extent that the motion excludes any Party from commenting on evidence that will not be offered at trial the motion is due to be granted; however, the motion is denied to the extent the Parties may refer to evidence, documents, and testimony during their opening statements that they reasonably believe will be admitted. Any objections to any mention of documents that may not be admitted into evidence should be made at trial.

(5) Amegy moves the Court to exclude "[a]ny reference to allegations, petitions, complaints or claims made against Amegy in any other suits, since such would constitute hearsay and be, in any event, immaterial to any issue in this lawsuit." The motion is granted in that Deutsche Bank may not make references to allegations petitions, complaints or claims against Amegy in other suits. Deutsche Bank, however, may present evidence that is relevant to this case including the role that Johnson had in securing the loan and Amegy's actions in giving Johnson a loan including evidence that relates to the Amegy's contributory negligence, but may not make reference to other cases that are ongoing or that have been resolved.  Thus the motion to exclude petitions, complaints or claims made against Amegy in any other suits is granted.

4

(6) Amegy moves the Court to exclude any reference to whether Amegy is covered by insurance. Whether Amegy is covered by insurance is not relevant to the issues before the Court, therefore, the motion is granted.

(7) Amegy moves to exclude "[a]ny reference to any discovery objections made in pretrial discovery by any party and any rulings of the Court on such objections." Amegy argues that "[i]t is well established that counsel may not argue or infer facts could have been proved but for the objections of the opposing party. The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment and no inference may be drawn therefrom." Neither Party may use the fact that a privilege was claimed or an objection was made to a particular piece of evidence that is being introduced at trial as such a statement could unduly prejudice the jury. The motion to exclude any discovery objections is granted.

(8) Amegy moves to exclude "[a]ny reference to Amegy's financial condition." Deutsche Bank did not object to the motion in regards to excluding Amegy's financial condition, therefore, the motion is granted.

(9) Amegy moves the Court to exclude "[a]ny contrasting of the relative wealth of one party with the relative poverty of another party." The general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-Civ, 2011 WL 2295269, *12 (S.D. Fla June 8, 2011) (citing *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir.2002)). The motion is granted.

(10) Amegy moves the Court to find that no "mention or reference be made in any form about any offers to settle or compromise or the failure to make any such offers." Evidence of settlement discussions is not admissible to prove liability for, invalidity of, or amount of a disputed claim, or to impeach through a prior inconsistent statement. Fed.R.Evid. 408(a). Pandora Jewelers 1995, 2011 WL 2295269 at *12. Thus, the motion is granted.

(11) Amegy moves to exclude "[a]ny document not previously produced in discovery or identified in the parties' Joint Pretrial Statement, including Exhibits." As a general rule evidence not produced during discovery will be excluded from trial. Fed. R. Civ. P. 26(a). Deutsche Bank did not object to the motion, thus the motion is granted.

(12) Amegy moves the Court that "no mention [be made] that this Motion has been presented to or ruled upon by the Court." Amegy also moves that counsel be instructed not to suggest to the jury by argument or otherwise that Amegy has sought to exclude from proof any matter bearing on the issues in this case or the rights of the parties to this suit." As a general rule counsel for either Party may not present the Court's evidentiary rulings before the jury. Deutsche Bank did not offer any opposition to the motion therefore, the motion is granted.

(13) Amegy moves to exclude any reference to other lawsuits or claims in which Amegy is seeking to recover the value of the collateral at issue in this lawsuit, but for which Amegy has not actually received compensation, because such information bears no relevance to Amegy's claims in this lawsuit. Deutsche Bank argues that under Georgia, New York, and Texas law comparative fault and mitigation of damages is an issue for the

jury to consider.  The Court has determined that Georgia law will be applied to tort claims in this case and that Texas law will apply to the Security Agreement claim.

Deutsche Bank argue that under Georgia law Amegy's contributory negligence is directly related to Deutsche Bank's fifteenth affirmative defense, failure to mitigate damages, however, the Court dismissed this affirmative defense.  Thus, the rationale for admitting evidence regarding other lawsuits or claims in which Amegy is seeking to recover the value of the collateral at issue in this lawsuit is no longer viable.  As such, the motion is due to be granted.

(14) Similarly Amegy moves the Court to exclude any reference to Amegy's alleged contributory negligence or fault in making the $15,000,000.00 loan, its attempts to repossess the collateral and collect the debt. In response, Deutsche Bank argues that under Georgia, New York, and Texas law comparative fault is an issue for the jury to consider. Deutsche Bank argues under Georgia, New York, and Texas law Amegy's alleged contributory negligence is directly related to Deutsche Bank's nineteenth affirmative defense, with regard to contributory negligence, however, the Court dismissed this affirmative defense. Thus, the rationale supporting the Deutsche Bank's position for allowing the Amegy's other cases into evidence is no longer viable and the Motion to Exclude Amegy's alleged contributory negligence or fault in making the $15,000,000.00 loan is due to be granted.  Even so, the Deutsche Bank is not prohibited from discussing Johnson's business with the Parties.

Accordingly, it is now

**ORDERED:**

1. Amegy's Motion *In Limine* ([Doc. #109](Doc. #109)) is **GRANTED in part and DENIED in part**.

    a. Amegy's Motions in Limine Numbers 1 and 4 are **GRANTED** in part and **DENIED** in part.

    b. Amegy's Motions *In limine* Numbers 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14, are **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of February, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record