UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMEGY BANK NATIONAL
ASSOCIATION,

      Plaintiff,

v.                                              Case No:  2:12-cv-243-FtM-38CM

DB PRIVATE WEALTH
MORTGAGE, LTD. and DEUTSCHE
BANK ALEX.BROWN,

      Defendants.
_____/

**ORDER[1]**

This matter comes before the Court on Defendants DB Private Wealth Mortgage LTD. and Deutsche Bank Alex.Brown's motions *in limine*. The motions specifically seek to: (1) exclude an e-mail received by William B. Johnson's assistant (Doc. #107); (2) exclude e-mail from Doug McDonald to Pam Martin and the purported letter agreement attached (Doc. #108); (3) uphold hearsay objection and exclude Amegy's e-mail chain from February 25, 2011 (Doc. #115); (4) exclude any mention that Alex.Brown brokers including William Rhodes violated FINRA Rule 3270 (Doc. #116); and (5) exclude any mention that the Host Stock certificate was stolen and that Defendants had or should

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

have had knowledge of the theft (Doc. #117).  Plaintiff Amegy Bank N.A. filed responses in opposition. (Doc. #127; Doc. #128; Doc. #129). The motions are now ripe for review.

A motion *in limine* presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial. Stewart v. Hooters of America, Inc., No. 8:04-cv-40-T-17-MAP, 2007 WL 1752873 *1 (M.D. Fla. June 18, 2007) (citing Schuler v. Mid-Central Cardiology, 313 Ill.App.3d 326, (4th Dist .2000)). The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. Stewart, 2007 WL 1752873 at *1. A court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. Id. (citing Luce v. United States, 469 U.S. 38, 41, 105 S. Ct. 460, 83 L.Ed.2d 443(1984) (holding federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials)). The court excludes evidence on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. Stewart, 2007 WL 1752873 at *1 (citing Hawthorne Partners v. AT & T Technologies, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. Stewart, 2007 WL 1752873 at *1. Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. Id. Denial of a motion *in limine* does not insure evidence contemplated by the motion will be admitted at trial. Id.  Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. Id. (citing U.S. v. Connelly, 874 F.2d 412, 416 (7th Cir.

1989)). The Court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. Stewart, 2007 WL 1752873 at *1. "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." Id. (citing Hawthorne Partners, 831 F.Supp. at 1400-01).

  i. *Motion In Limine to Exclude an E-Mail Received by William B. Johnson's Assistant*

Deutsche Bank moves to exclude an e-mail that reads in pertinent part:

Lauren:

Mr. Johnson is in the process of closing a transaction and will make the January payment in approximately ten days. Please let us know when the Bank would like to schedule the Atlanta meeting to view the aircraft. Thank you.

                 John T. Bobo

(Doc. #107, at 2). As grounds to exclude the e-mail Deutsche Bank states no one involved in the e-mail has been deposed and William Rhodes claims he never saw the e-mail. Deutsche Bank argues the e-mail is hearsay, irrelevant, not a business record, and should be excluded. Whereas, Amegy alleges the e-mail was the trigger that created a series of events that lead to the dispute involved in this litigation. Amegy argues the e-mail is not hearsay because it is not offered for the truth of the matter asserted but for the effect upon the reader and that it a business record and exempt under Fed. R. Evid. 803(6).

  Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and is generally not admissible. U.S. v. Fernandez, 392 Fed. Appx. 743, 746 (11th Cir.2010) (citing Fed. R. Evid. 801(c), 802). There are five separate questions that must be

3

answered in order to properly analyze a hearsay issue: "(1) does the evidence constitute a statement, as defined by Rule 801(a); (2) was the statement made by a 'declarant,' as defined by Rule 801(b); (3) is the statement being offered to prove the truth of its contents, as provided by Rule 801(c); (4) is the statement excluded from the definition of hearsay by rule 801(d); and (5) if the statement is hearsay, is it covered by one of the exceptions identified at Rules 803, 804 or 807." Corbin v. Affiliated Computer Services, Inc., No. 6:13-cv-180-Orl-36TBS, 2013 WL 3804862, *7 (M.D. Fla. July 19, 2013) (citing Lorraine v. Markel American Ins. Co., 241 F.R.D. 534, 562–63 (D. Md. 2007) (citing Fed. R. Evid. 801, 803, 804, 807)).

Upon consideration of the Parties' arguments, the Court is satisfied that the January 2010 e-mail is not being offered for the truth of the contents found in the e-mail but for the effect it had upon Johnson's subsequent actions. U.S. v. Cruz, 805 F.2d 1464, 1477 (11th Cir. 1986) (an out-of-court statement is not hearsay and may be offered to show the effect it has on the hearer). Whether the information in the e-mail is true is irrelevant for the proposed use of the January 2010 e-mail at trial. Thus, the e-mail is admissible under the hearsay exceptions found in Fed. R. Evid. 803(a). Because the January 2010 e-mail is being offered for the effect upon Johnson it goes to the weight and not the admissibility of the document. Thus, the Motion *In Limine* to exclude the January 10, 2010 e-mail is denied.

    ii.    *Motion In Limine to exclude e-mail from Doug Mc Donald to Pam Martin and the Purported Letter Agreement Attached*

Deutsche Bank moves the Court to exclude an e-mail from Doug McDonald to Pam Martin (McDonald e-mail) and the purported letter agreement attached thereto. The McDonald e-mail states in pertinent part:

4

>Pam,
>
>Attached is the confidentiality agreement.
>I will speak to Mr. Johnson this afternoon.
>
>Best Regards,
>Doug

(Doc. # 128, at 4). Deutsche Bank moves to exclude the McDonald e-mail because it is inadmissible hearsay and irrelevant. In response, Amegy states the McDonald e-mail is being offered not for the truth of the matters discussed in the e-mail but to rebut the Deutsche Bank's position that its relationship with Johnson was strictly business in nature. Amegy argues that when an e-mail is offered for the sole purpose that it was sent and not for the truth of the matter asserted it is not hearsay.

The Eleventh Circuit has noted that verbal and non-verbal conduct is not hearsay when it is offered as a basis for inferring something other than the matter asserted. Cruz, 805 F.2d at 1478. Here Amegy offers the e-mail as a rebuttal to the Deutsche Bank's assertion that the only relationship between Johnson and the Deutsche Bank was strictly business in nature. Thus, the motion to exclude the McDonald e-mail is due to be denied.

    iii.    *Motion In Limine to uphold Hearsay Objection and Exclude Amegy's E-mail Chain from February 25, 2011*

Deutsche Bank moves the Court to exclude the email chain of Daphne I. Cales, and employee of Deutsche Bank Trust Company Americas. As grounds, Deutsche Bank states the information contained in the e-mail chain is hearsay and therefore inadmissible under Fed. R. Evid. 801. In response, Amegy argues the e-mail chain is admissible pursuant to the hearsay exception found in Fed R. Evid. 803(3) and 801(d)(2).

Rule 803(3) provides that a statements of the declarant's then existing-state of mind (such as motive, intent or plan) is an exception to the hearsay rule. Fed R. Evid.

5

803(3). Federal Rule of Evidence 801(d)(2) provides that a statement offered against an opposing party that (a) was made by the party in a representative capacity, or (b) was made by a person whom the party authorized to make a statement on the subject matter, or (c) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed, is not hearsay.

Deutsche Bank argues Daphne I. Cales is not the agent nor employee of any of the defendants in this litigation and therefore, the exemption pursuant to Rule of Evidence 801(d)(2) is not applicable to this case. Amegy argues Cales is an employee of DB Private Wealth Management or at least Deutsche Bank and therefore, the statements contained in the Cales e-mail chain represent the present impressions of the Deutsche Bank. They offer the Cales e-mail chain to show that the Deutsche Bank's state of mind demonstrating their intent and motive to open more accounts and do further business with Johnson. Amegy argues whether Deutsche Bank actually opened said accounts is a separate issue, because the email is being offered to show Deutsche Bank's plan and motive, not the truth of the matter asserted.

In order to have the Cales' email admitted into evidence, Amegy must show some independent proof that an agency relationship exists between the declarant, Cales, and Deutsche Bank in this case. Head v Cornerstone Residential Mgmt., Inc., No. 05-80280-CIV, 2010 WL 3781288, *11 (S.D. Fla. Sept. 22, 2010). While Deutsche Bank argues Cales is not an employee of Deutsche Bank and therefore, the exception found in Fed. R. Evid. 801(d)(2)(D) is not applicable, Amegy notes Cales' signature line on her e-mail account with Deutsche Bank Trust Americas contains the name of DB Private Wealth

Management.[2] Amegy also notes Deutsche Bank has listed Cales as a witness in the case and included e-mails from Cales to employees of Deutsche Bank. As such, Amegy argues the Cales e-mail should be allowed.

The Court finds there is evidence offered from Amegy to establish Cales is an employee or agent of the DB Private Wealth Management. Therefore, the motion to exclude the Cales e-mail chain is denied.

> iv.   Exclude any Mention that Alex Brown Brokers Including William Rhodes Violated FINRA Rule 3270

Deutsche Bank moves the Court to exclude any speculation or reference that William Rhodes violated FINRA Rule 3270. FINRA Rule 3270 states that a broker cannot be compensated from any outside source as a result of any business activity outside the scope of the relationship with his member firm, unless he has provided prior written notice to the member firm. Thus, if Rhodes had earned income from his dealings outside of his employment with Deutsche Bank Alex.Brown, then he would, under Rule 3270, be required to report that income to Deutsche Bank Alex.Brown as outside earnings.

Amegy replies that it does not have any intention of arguing that Rhodes violated FINRA Rule 3270. With that being said, Amegy states that it intends to discuss Rhodes compensation for his role in securing the Johnson loan. As grounds for the testimony, Amegy states Deutsche Bank Alex.Brown asserted a defense under the UCC § 8-115, which requires Deutsche Bank Alex.Brown to prove, at all relevant times, Rhodes was acting in its capacity as a securities broker. Amegy argues if Deutsche Bank Alex.Brown

---

[2] Daphne I. Cales | AVP – Banking Specialist | Deutsche Bank Trust Company Americas | **Private Wealth Management** | 280 Park Avenue, New York, NY 10017 | ☏ 212.250.6535 | 🖷 Fax: 212.454.9719

had knowledge of the compensation paid to Rhodes, it would demonstrate Deutsche Bank Alex.Brown was aware Rhodes engaged in outside business activity not part of his traditional role as a broker.

Under Fed. R. Evid. 401 and 402 evidence is admissible if it tends to make a fact more or less probable than it would be with the evidence. Since Amegy does not intend to use the evidence to demonstrate Rhodes violated FINRA Rule 3270, the motion to exclude testimony or evidence showing that Rhodes violated FINRA Rule 3270 is granted, however, testimony and evidence showing that Rhodes was compensated for the initiation of the Johnson loans will be allowed into evidence. The testimony as presented by Amegy goes directly to Deutsche Bank Alex.Brown's defense and thus, the motion is granted in part and denied in part. Amegy may present evidence of Rhodes business activities as they apply to this case, but they may not allege that Rhodes or Deutsche Bank Alex.Brown violated FINRA Rule 3270.

   v.   *Exclude any Mention that the Host Stock Certificate was Stolen and that Defendants Had or Should have had Knowledge of the Theft*

Deutsche Bank moves the Court to prevent Amegy from referring to the Host Stock used by Johnson to secure the loan as stolen. Deutsche Bank argues that the Host stock could not be considered as stolen because Johnson owned the stock. Amegy argues that under Texas law the Host Stock could have been considered as stolen because under Texas law, which governs the securities agreement, Johnson would not have been permitted to sell the stock without Amegy's knowledge. Amegy further argues Texas law makes Johnson's action a crime.

Under Fed. R. Evid. 403, the Court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The use of the term "stolen" or references to theft would be highly prejudicial to Deutsche Bank in this case. Further it would also require the Court to, in essence, conduct a criminal trial within a civil trial in order for Amegy to support its position that the Host Stock was stolen and that Johnson, a non-party to this case, committed a theft under Texas law. Such action would only serve to confuse the issues and mislead the jury. Therefore the motion to prevent Amegy from referring to the Host Stock as stolen is granted.

Accordingly, it is now

**ORDERED:**

(1) Deutsche Bank's Motion *In Limine* to exclude an e-mail received by William B. Johnson (Doc. #107) is **DENIED**.

(2) Deutsche Bank's Motion *In Limine* to exclude e-mail from Doug McDonald to Pam Martin and the Purported Letter Agreement Attached (Doc. #108) is **DENIED**.

(3) Deutsche Bank's Motion *In Limine* to uphold Hearsay Objection and Exclude Amegy's E-mail Chain from February 25, 2011 (Doc. #115) is **DENIED**.

(4) Deutsche Bank's Motion *In Limine* to exclude any Mention that Deutsche Bank Alex.Brown Brokers including William Rhodes Violated FINRA Rule 3270 (Doc. #116) is **GRANTED in part and DENIED in part.**

(a) The motion to exclude any reference that Rhodes violated FINRA 3270 is **GRANTED.**

(b) The motion to exclude testimony or evidence that Rhodes was paid a commission for initiating or participating in the loan to Johnson is **DENIED.**

(5) Deutsche Bank's Motion *In Limine* to exclude any Mention that the Host Stock Certificate was Stolen and that Defendants Had or Should have had Knowledge of the Theft (Doc. #117) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of February, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record