UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMEGY BANK NATIONAL
ASSOCIATION,

       Plaintiff,

v.                                                                     Case No:   2:12-cv-243-FtM-38CM

DB PRIVATE WEALTH
MORTGAGE, LTD. and DEUTSCHE
BANK ALEX.BROWN,

       Defendants.
_____/

### **ORDER[1]**

      This matter comes before the Court on Motion of Deutsche Bank Alex.Brown to Confirm 12 U.S.C. § 91 Stay, or, alternatively, to Grant Stay without Bond, and to Grant Temporary Stay without Bond and Incorporated Memorandum of Law Supporting Motion (Doc. #191) filed on April 9, 2014. Amegy Bank National Association filed a response in opposition (Doc. #197) on April 18, 2014. This matter is now ripe for review.

      In the trial of this matter, the jury awarded Amegy Bank $16,899,811.42 against Deutsche Bank Alex.Brown for its collusion with William B. Johnson in converting Amegy Bank's secured collateral. Now, Deutsche Bank Alex.Brown seeks protection from the National Bank Act, 12 U.S.C. § 91, to bar the enforcement of the judgment against it.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Deutsche Bank Alex.Brown argues because it is a subsidiary of Duetsche Bank AG which in turn owns two national banks, Deutsch Bank National Trust Company and Deutsche Bank Trust Company, N.A., it is entitled to Section 91 protection too. In the alternative, Deutsche Bank Alex.Brown seeks a stay without bond "because there is no collection risk." Essentially, Deutsche Bank Alex.Brown admits it is not a national bank but submits the protections afforded to a national bank apply to it also.

In response, Amegy Bank argues Deutsche Bank Alex.Brown is not a federally charted bank and that Section 91 only protects federally charted banks. Amegy Bank further argues that Section 91 only applies to pre-judgment writs and not to final judgments, such as the one this Court entered pursuant to the jury trial. Lastly, Amegy Bank argues Alex.Brown has failed submit evidence to meet its burden of proof that this court should deviate from the rule of mandatory bonds to protect a plaintiff's judgment.

The Court finds Deutsche Bank Alex.Brown is not entitled to Section 91 protection. Deutsche Bank Alex.Brown is not a national bank nor is it owned or controlled by a national bank. See generally Watters v. Wachovia Bank, N.A., 550 U.S. 1, 19 (2007) ("The NBA broadly defines the term 'affiliate' to include 'any corporation' controlled by a national bank, including a subsidiary."). Deutsche Bank Alex.Brown interpretation of the act is too broad and is not supported by relevant case law. Further, the Court finds Deutsche Bank Alex.Brown is not entitled to a stay of a money judgment because a bond has not been posted. Cunningham v. Ariel's Gas & Food Corp., No. 06-21459-CIV, 2007 WL 3274451, at *1 (S.D. Fla. Nov. 5, 2007) (citing United States v. Wylie, 730 F.2d 1401, 1402 n. 2 (11th Cir. 1984) (citing Am. Mfr. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S.Ct. 1, 3 (1966))). The Court is not satisfied that Deutsche Bank Alex.Brown is

financially solvent and will maintain the same degree of solvency during the course of an appeal. Cunningham, 2007 WL 3274451, at *1; U.S. v. O'Callaghan, 805 F.Supp.2d 1321 (M.D. Fla. 2011) (The Court denied a stay where the defendant failed to justify and provide alternate security).  The Court chooses not to exercise what discretion it has to grant a stay of execution of the final judgment either. Deutsche Bank Alex.Brown will therefore have to post a bond to stay execution pending its appeal.

**ORDERED:**

1. Motion of Deutsche Bank Alex.Brown to Confirm 12 U.S.C. § 91 Stay, or, alternatively, to Grant Stay without Bond, and to Grant Temporary Stay without Bond and Incorporated Memorandum of Law Supporting Motion (Doc. #191) is **DENIED**.

2. Deutsche Bank Alex.Brown shall post bond in the amount of **$18,589,792.56**.[2]

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of May, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[2] The amount of the bond represents 110% of the judgment against Deutsche Bank Alex.Brown.