UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMEGY BANK NATIONAL
ASSOCIATION,

      Plaintiff,

v.                                          Case No: 2:12-cv-243-FtM-38CM

DB PRIVATE WEALTH
MORTGAGE, LTD. and DEUTSCHE
BANK ALEX.BROWN,

      Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Deutsche Bank Alex.Brown's Rule 50(b) Motion for Judgment as a Matter of Law and, Alternatively, Rule 59 Motion for a New Trial (Doc. #193) filed on April 15, 2014. Plaintiff Amegy Bank filed a response in opposition (Doc. #201) on May 6, 2014. This matter is now ripe for review.

## Background

Amegy Bank brought conversion and conspiracy claims against Defendants DB Private Wealth Mortgage, Ltd. and Deutsche Bank Alex.Brown for converting Amegy Bank's collateral. A jury returned a verdict against Deutsche Bank Alex.Brown for its collusion in converting Amegy Bank's collateral. The jury, however, did not find Deutsche

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Bank Alex.Brown conspired to commit conversion of Amegy Bank's collateral. The jury also did not find DB Private Wealth Mortgage, Ltd. was liable for the claims asserted against it. Now, Deutsche Bank Alex.Brown moves for judgment as a matter of law and alternatively for a new trial.

**Standard**

Rule 50(b) of the Federal Rules of Civil Procedure gives the court power to overturn a jury verdict if the (1) verdict is based on an incorrect legal standard; or (2) facts and inferences present in the case are overwhelmingly in favor of a party that reasonable people could not arrive at a contrary verdict. Fed.R.Civ.P. 50(b); Booth v. Pasco Cnty., Fla., 854 F.Supp.2d 1166, 1170 (M.D. Fla. 2012) (quoting Brown v. Ala. Dept. of Transp., 597 F.3d 1160, 1173 (11th Cir. 2010)). The court must view the evidence in the light most favorable to the party opposing the motion. Id. The court may not make credibility determinations, weigh the evidence, make legitimate inferences, or substitutes its own judgment for that of the jury. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150 (2000). The court's role is limited to deciding whether there is some evidence in support of the verdict such that a reasonable person could have supported it. Booth, 854 F.Supp.2d at 1170 (quoting Brown, 597 F.3d at 1173).

Rule 59 of the Federal Rules of Civil Procedure gives the court power to grant a new trial. "A new trial may be granted to all or any of the parties and on all or part of the issues . . . in an action in which there has been a trial by jury, for any reasons for which new trials have heretofore been granted in the actions at law in the courts of the United States . . . ." Johnson v. Clark, 484 F.Supp.2d 1242, 1246 (M.D. Fla. 2007); Fed.R.Civ.P. 59(a). Accordingly, a motion for new trial may be granted for reasons such as but not

limited to (1) the verdict was against the weight of the evidence, (2) the damages granted to a party were excessive, (3) the jury instructions contained an error, or (4) the court erred in admitting or rejecting evidence. Johnson, 484 F.Supp.2d at 1246 (citing Montgomery Ward & Co., 311 U.S. 243, 251 (1940).

## Discussion

i. Rule 50(b)

Deutsche Bank Alex.Brown argues the judgment should be vacated and entered in its favor for the following reasons: (1) the Uniform Commercial Code ("UCC") immunizes it from liability; (2) it did not have a duty to investigate the nature of Amegy Bank's UCC financing statement referenced in its Know Your Customer materials; (3) the verdict is not supported by legally sufficient evidence that would permit a reasonable jury to find it converted Amegy Bank's secured collateral; and (4) there is no direct evidence of collusion.

The Court finds these arguments to be unavailing. The UCC does not immunize a party from affirmatively engaging in wrongful conduct as found here. O.C.G.A. § 11-9-332, cmt. 4; UCC § 8-115, cmt. 5 ("If the conduct of a securities intermediary or broker or other agent or bailee rises to a level of complicity in the wrongdoing of its customer or principal, the policies that favor protection against liability do not apply."). Deutsche Bank Alex.Brown's argument about duty is irrelevant. For example, whether Deutsche Bank Alex.Brown had a duty to investigate the nature of the UCC financing statement does not negate whether Deutsche Bank Alex.Brown was actually aware of Amegy Bank's secured collateral and despite this awareness chose to dispose of the collateral against Amegy Bank's consent. The verdict is supported by legally sufficient evidence that would permit

3

a reasonable jury to find Deutsche Bank Alex.Brown converted Amegy Bank's secured collateral. Direct evidence is not necessary to find a party liable of collusion. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1301 (11th Cir. 2003) (discussing that the defendant may rebut the *inference* of collusion); City of Tuscaloosa v. Harcros Chemicals, Inc. 158 F3d 548 (11th Cir. 1998) (discussing generally that the evidence could *indicate* collusion); see also Wortman v. Kleinschmidt, 12 Mont. 316, 30 P. 280, 287 (Mont. 1892) (Harwood, J., concurring) ("Direct evidence of fraud, bad faith, and collusion, is not always obtainable or required."); see generally, Banner Bank v. First Community Bank, 854 F.Supp. 2d 846, 848-49 (D. Mont. 2012). Further, the Court finds Deutsche Bank Alex.Brown's other arguments with regard to whether (a) it had knowledge of Amegy Bank's collateral, (b) it acted upon authorization by Johnson, and (c) punitive damages were warranted are not persuasive. The jury has reasonably made a determination based on the evidence and thus the Court will not substitute the jury's judgment. Pursuant to Rule 50(b), this motion is due to be denied.

    ii.    Rule 59

Deutsche Bank Alex.Brown argues the jury instructions did not accurately reflect the law. Specifically, Deutsche Bank Alex.Brown complains that the instruction regarding collusion was improper due to the "gave substantial assistance" language.[2] Ironically,

---

[2] The Court gave the following instructions regarding collusion:

    Amegy Bank claims DB Private Wealth Mortgage and/or Deutsche Bank Alex.Brown colluded with Johnson and Pam Martin in the selling of the Host Collateral. To prove collusion Amegy Bank must show DB Private Wealth Mortgage and/or Deutsche Bank Alex.Brown, or its agent(s) or employee(s):

1. Committed conversion in concert with Johnson or pursuant to a common design with him; or
2. Knew that Johnson's conduct constituted conversion and gave him substantial assistance or encouragement to commit conversion; or
3. Gave substantial assistance to Johnson in committing the conversion, and its own conduct, separately considered, constituted a conversion as well.

Deutsche Bank Alex.Brown makes this arguments now despite requesting this very language in its proposed jury instruction. (See Doc. #171, at 3, 5). Nevertheless, upon review and consideration of Deutsche Bank Alex.Brown's argument, the Court finds the jury instructions were proper in this matter.

Lastly, Deutsche Bank Alex.Brown argues the jury verdict was inconsistent. Specifically, Deutsche Bank Alex.Brown argues it could not have acted collusively without conspiring. This argument is unavailing. A party can act collusively without being held liable for conspiring. Even one of the cases cited by Duetsche Bank Alex.Brown illustrates this point. See Anderson v. Oscamp, 35 N.E. 707, 709 (Ind. App. 1893) ("While a collusion is not, strictly speaking, a conspiracy, because to conspire may mean more than merely to collude, yet a collusion is included in, and often is termed synonymous with, conspiracy."). The Court reads Anderson, although not binding on this Court, to convey that one can collude but not necessarily conspire because the act of conspiring encompasses the act of collusion and more. Accordingly, the Court finds the jury verdict was consistent. Pursuant to Rule 59, this motion is due to be denied.

Accordingly, it is now **ORDERED**:

Defendant Alex.Brown's Rule 50(b) Motion for Judgment as a Matter of Law and, Alternatively, Rule 59 Motion for a New Trial (Doc. #193) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record