UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMEGY BANK NATIONAL
ASSOCIATION,

    Plaintiff,

v.                                                   Case No:  2:12-cv-243-FtM-38CM

DB PRIVATE WEALTH
MORTGAGE, LTD. and DEUTSCHE
BANK ALEX.BROWN,

    Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff Amegy Bank's Motion to Recover Attorney's Fees and Related Nontaxable Expenses (Doc. #186) filed on March 20, 2014. Defendants DB Private Wealth Mortgage, Ltd. and Deutsche Bank Alex.Brown ("Deutsche Bank Defendants") filed a response in opposition (Doc. #189) on April 3, 2014. With leave from the Court Plaintiff Amegy Bank filed a reply brief on April 22, 2014, (Doc. #198), and the Deutsche Bank Defendants filed a surreply brief on May 12, 2014, (Doc. #203). This matter is now ripe for review.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Background**

Plaintiff Amegy Bank loaned Monarch Flight II, LLC, a company managed by William B. Johnson, 15 million dollars to purchase a jet, make improvements to the jet, complete a development project in the Bahamas, and for other purposes. This agreement was culminated in a Promissory Note. To protect the loan, Amegy Bank entered into a Guaranty Agreement with Johnson, in his individual capacity, which indebted Johnson to pay Amegy Bank all of the obligations pursuant to the Promissory Note in the event Monarch Flight II, LLC defaulted on the loan.

In addition, Amegy Bank and Johnson executed a Security Agreement. In this Security Agreement, Johnson collaterally assigned, pledged, and granted Amegy Bank a security interest in Johnson's "Host Stock."[2] The Security Agreement forbade Johnson from selling, assigning, conveying, pledging, or otherwise disposing of the partnership units or the related stock without the prior written consent of Amegy Bank. Further, upon the occurrence of a default as defined in the Promissory Note, the Security Agreement granted Amegy Bank rights and remedies of a secured party under the Uniform Commercial Code ("UCC") including the ability to collect, receive, sell, take, or transfer the Host Stock.

After these agreements were executed, Monarch Flight II, LLC defaulted on its loan with Amegy Bank. Despite this default, Johnson along with Defendant Deutsche Bank Alex.Brown sold the collateral Host Stock without written consent from Amegy Bank.

---

[2] The Host Stock refers to 825,457 units of partnership interest in Host Hotels & Resorts, L.P., any shares of Host Hotels & Resorts, Inc. owned by Johnson and as a result of the redemption or exchange of the partnership units, and all products and proceeds from the partnership units and/or the related stock.

In response, Amegy Bank brought a declaratory judgment action against the Deutsche Bank Defendants pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28, U.S.C. § 2201, to enforce its Security Agreement.[3] After a four-day jury trial, a jury returned a verdict against Deutsche Bank Alex.Brown for its collusion in converting Amegy Bank's collateral. Meanwhile, the jury did not find Defendant DB Private Wealth Mortgage, Ltd to be liable to Amegy Bank. Now Amegy Bank seeks to recovery attorney's fees under its declaratory judgment action and the Deutsche Bank Defendants oppose.[4] As a preliminary matter, the Court previously determined the declaratory action is governed by Texas law pursuant to the Security Agreement.

## Discussion

i. Whether Amegy Bank is entitled to reasonable and necessary attorney's fees pursuant to the Texas Declaratory Judgment Act?

Amegy Bank asserts where a trial court is called upon to enforce a secured party's security interest, an award of attorney's fees to the prevailing party is appropriate under the Uniform Declaratory Judgments Act. Amegy Bank relies on ATC Healthcare Services, Inc. v. New Century Financial, Inc., No. 01-10-00940-CV, 2011 WL 2739540, at *5 (Tex. App. Houston [1st Dist.] 2011, no pet.) and TEX. CIV. PRAC. & REM. CODE § 37.009. In response, the Deutsche Bank Defendants argue the Texas Uniform Declaratory Judgment Act is not applicable in this civil action in federal court because the state statute is procedural rather than substantive. The Deutsche Bank Defendants rely on Camacho v. Texas Workforce Com'n, 445 F.3d 407, 411 (5th Cir. 2006) and Ultica Lloyd's of Texas

---

[3] In addition, Amegy Bank brought aiding and abetting, conspiracy, and conversion actions against the Deutsche Bank Defendants too.
[4] The Court, with agreement from the Parties, reserved this issue of whether Amegy Bank would be entitled to attorney's fees for post-trial determination.

v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998). The Deutsche Bank Defendants also assert Amegy Bank is not a prevailing party under its request for declaratory judgment count of the Third Amended Complaint. Lastly, the Deutsche Bank Defendants argue since the declaratory judgment duplicates other claims already before the trial court the Texas Uniform Declaratory Judgment Act is not an appropriate means to recovery attorney's fees because the request for declaratory judgment duplicates other claims already before the trial court. Deutsche Bank supports this assertion by citing to the following cases: MBM Fin. Corp. v. Woodlands Operating Co., L.P., 292 S.W.3d 660, 669 (Tex. 2009), City of Carrollton v. RIHR Inc., 308 S.W.3d 444, 454 (Tex. App. 2010), and City of Houston v. Texan Land & Cattle Co., 138 S.W.3d 382, 392 (Tex. App. 2004).

    The Court finds ATC Healthcare Services is telling to the issue of whether Amegy Bank is entitled to attorney's fees, but it is not dispositive. The Court recognizes that this Texas court found an award of attorney's fees was proper pursuant to the Declaratory Judgment Act. ATC Healthcare Services, 2011 WL 2739540, at *5 (citing to TEX. BUS. & COM.CODE ANN. § 9.102(a)(2)(West 2011)). The Court, however, cannot rest its conclusion on this ATC Healthcare Services case alone because it pertained to a Texas state trial court applying a Texas procedural statute.

    Unlike state trial courts, an award of attorney's fees in an action brought pursuant to a federal declaratory action is confined to two situations. Ultica, 138 F.3d at 210 (citing Mercantile Nat'l Bank v. Bradford Trust Co., 850 F.2d 215, 218 (5th Cir. 1988)). The first is where the American Rule permits attorney's fees. Id. The second is where controlling substantive, rather than procedural, law permits recovery. Id.

The American Rule does not ordinarily permit attorney's fees. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975) ("In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser."). Instead, the theory pursuant to the American Rule is that attorney's fees are a cost of recovering damages and not damages themselves. Cook v. Randolph County, Ga., 573 F.3d 1143, 1155 (11th Cir. 2009) (citing Employers Reinsurance Corp. v. Mid-Continent Cas. Co. v. McGough Bros., 167 F.2d 268, 269 (5th Cir. 1948) ("[T]he American Rule . . . ordinarily bars the recovery of attorney fees by the prevailing party in litigation, on the theory that such fees are a cost of recovering damages, not damages in themselves.")). Here, the Court finds Amegy Bank cannot recovery attorney's fees pursuant to the American Rule. Instead, in order for Amegy Bank to recover attorney's fees it must cite to controlling substantive law. Ultica, 138 F.3d at 210.

As the Deutsche Bank Defendants argue, the Texas Declaratory Judgment Act is procedural for Erie purposes rather than substantive. Ultica, 138 F.3d at 210 (explaining since the Texas Declaratory Judgment Act is procedural it does not govern a diversity action in federal court) (citations omitted)); see also Camacho, 445 F.3d at 409, 412 ("In light of the American Rule, generally applied in federal court, we have been instructed that state law does not always control the issue of attorney's fees . . . . Rather, we are to apply state attorney's fee law only when it "embod[ies] a substantive policy.") (citing Chambers v. NASCO, Inc., 501 U.S. 32, 51-52 (1991)); City of Carrollton v. RIHR Inc., 308 S.W. 3d 444, 454 (2010) ("It is an abuse of discretion to award attorney's fees under the Uniform Declaratory Judgment Act when the statute is relied upon solely as a vehicle to recovery attorney's fees.") (citations omitted). Therefore, a plaintiff may not rely on the

Texas Declaratory Judgment Act to authorize attorney's fees in a diversity matter. Ultica, 138 F.2d at 210. Thus, Amegy Bank is not entitled to attorney's fees pursuant to the Texas Declaratory Judgment Act because this is a diversity matter and the Act is procedural for Erie purposes. Id.; Philadelphia Indem. Ins. Co. v. Creative Young Minds, Ltd., 679 F.Supp.2d 739, 745 (N.D. Tx. 2009). Having found so, the Court does not need to address the other arguments presented by the Deutsche Bank Defendants.

    ii.    <u>Whether the UCC authorizes an award of attorney's fees and legal expenses?</u>

Amegy Bank argues the UCC authorizes a secured creditor to recover attorney's fees incurred in the prosecution of its claims against a third party that converted the secured creditor's collateral. Amegy Bank relies on UCC § 9-607(d) cmt. 10, ATC Healthcare Services, 2011 WL 2739540, at *5, and BancorpSouth Bank v. 51 Concrete, LLC, No. W2011-00505-COA-R3-CV, 2012 WL 1269180 (Tenn. Ct. App. 2012) to support its position. In response, the Deustche Bank Defendants argue the UCC does not provide for affirmative fee recovery but only permits a plaintiff to deduct its attorney's fees and costs incurred from the amounts collected against the collateral. The Deutsche Bank Defendants rely on UCC § 9-607(c), M & I Bus. Credit, LLC v. Genie Indus., Inc., No. 10-1660 (JRT/JJK), 2011 WL 284488, at *3 (D. Minn. Jan. 25, 2011), and CapTran/Tanglewood LLC v. Thomas N. Thurlow & Associates, No. H-08-2374, 2011 WL 2969835 (S.D. Tex. July 21, 2011). In addition, the Deutsche Bank Defendants assert the UCC does not provide for fee recovery unless fees were incurred while enforcing the obligation of an "account debtor." The Deutsche Bank Defendants assert neither Johnson nor Deutsche Bank Alex.Brown are an "account debtor" under the UCC. The Deutsche

Bank Defendants rely on Ga. Code Ann. §§ 11-9-102(2)-(3); 11-9-607(c)-(d) to support this argument.

The UCC provides "[a] secured party may deduct from the collections made pursuant to subsection (c) reasonable expenses of collection and enforcement, including reasonable attorney's fees and legal expenses incurred by the secured party." UCC § 9-607(d). Comment 10 further clarifies that the phrase "reasonable attorney's fees and legal expenses" includes the "fees and expenses incurred in proceeding against account debtors or other third parties.…The secured party also may incur other attorney's fees and legal expenses in proceeding against the debtor or obligor." In situations like this, courts have found that the UCC provides a prevailing plaintiff with attorney's fees. ATC Healthcare Services, 2011 WL 2739540 at *5 ("In event of default, a secured party may deduct from the collections reasonable expenses of collection and enforcement, including reasonable attorney fees and legal expenses incurred by the secured party. A security interest that secures payment or performance of an obligation, may recover the reasonable expenses of collection and enforcement and to the extent provided by agreement and not prohibited by law, reasonable attorney's fees and legal expenses incurred by the secured party."); BancorpSouth Bank, 2012 WL 1269180, at *6 (finding that a secured creditor may rely on the UCC to seek attorney's fees and legal expenses).

Even though attorney's fees may be collected by the prevailing party, the Court reads UCC § 9-607(c) to limit the scope of how the attorney's fees may be collected. That is, attorney's fees may be deducted from a judgment. Attorney's fees may not be added to the amount of the obligation. CapTran/Tanglewood, 2011 WL 2969835, at *3 ("neither section 9.607 nor 9.608 provides for recovery of attorney's fees *over and above* the

amount of the obligation.") (emphasis in original). Amegy Bank cites to no relevant case law to suggest otherwise. Therefore, the attorneys representing Amegy Bank may recover attorney's fees from their client by recovering the fees from the judgment amount. Here, the Deutsche Bank Defendants are not obligated to provide Amegy Bank with an award of attorney's fees in addition to the damages awarded by the jury.

Lastly, the Court finds the "account debtor" argument presented by the Deutsche Defendants to be unavailing. As the UCC comment clarifies, "fees and expenses incurred in proceeding against account debtors *or other third parties*" may be deducted from the collections. UCC § 9-607(d) (emphasis added). Thus, this argument is without merit.

> iii. <u>Whether Amegy Bank's security agreement expressly authorizes the recovery of Amegy Bank's attorney's fees and other legal expenses?</u>

Amegy Bank argues it is entitled to enforce its security agreement against Deutsche Bank Alex.Brown because it is entitled to recover its attorney's fees and legal expenses incurred in the collection of its collateral pursuant to the Security Agreement entered between it and Johnson. The Deutsche Bank Defendants argue Defendant Deutsche Bank Alex.Brown was not a party to the security agreement or even aware of its existence. Thus, the Deutsche Bank Defendants argue Deutsche Bank Alex.Brown cannot be bound by terms of an agreement between Amegy Bank and Johnson.

The Security Agreement authorizes all reasonable legal fees and expenses incurred by Amegy Bank in connection with the enforcement of the Security Agreement and collection of the collateral. The relevant section of the Security Agreement reads:

> Debtor [Johnson] will pay to Secured Party [Amegy Bank] all fees and expenses (including all reasonable legal fees and expenses) incurred by Secured Party in connection with the enforcement of any of the provisions of this Agreement or Incidental to the enforcement of any of the Obligations, or any actual or attempted sale, or any exchange, enforcement, collection,

8

>compromise or settlement of any of the Collateral or receipt of the proceeds thereof, and for the care of the Collateral and defending or asserting the rights and claims of the Secured Party in respect thereof, by litigation or otherwise; and all such fees and expenses shall be Obligations within the terms of this Agreement.

(Doc. #73-4, at 9; see also Doc. #178 Joint Trial Exh. #3). Accordingly, Amegy Bank has a contractual basis to collect reasonable attorney's fees from its debtor. BancorpSouth Bank, 2012 WL 1269180 at *7 (finding the contractual provisions of a security agreement permitted the collection of attorney's fees and legal expenses). Here, since security agreements can be enforced against creditors, whether aware of the security agreement or not, Amegy Bank has a contractual basis to collect reasonable attorney's fees and expenses from its creditors too. UCC § 9-201(a) ("a security agreement is effective according to its terms between the parties, against purchasers of the collateral, and against creditors."); UCC § 9-607, cmt 10 ("Whether the secured party has a right to recover those fees and expenses depends on whether the debtor or obligor has agreed to pay them, as is the case with respect to attorney's fees and legal expenses under Sections 9-6z08(a)(1)(A) and 9-615(a)(1)"); BancorpSouth Bank, 2012 WL 1269180, at *7. But here, only Deutsche Bank Alex.Brown was found liable to Amegy Bank. Deutsche Bank Alex.Brown, unlike DB Private Wealth Mortgage, Ltd., was not a creditor as defined by the UCC. Thus, the security agreement cannot be brought against Deutsche Bank Alex.Brown alone. Consequently, attorney's fees pursuant to the security agreement cannot be collected from the Deutsche Defendants here.

Accordingly, it is now

**ORDERED:**

Amegy Bank's Motion to Recover Attorney's Fees and Related Nontaxable Expenses from Deutsche Bank.Alex Brown ([Doc. #186](Doc. #186)) is **DENIED**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record